UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 1:20-cv-1227 ) |
| SRI SAI BALAJI LLC dba BIRYANI N GRILL; JOTHEENDRA HEMACHAND PULLURU, Individually; RAM SWADEEP SATHAMBAKAM, Individually; and GAUTHAM SUNKARA, Individually, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, EUGENE SCALIA, Secretary of Labor, United States Department of Labor, brings this action to enjoin the Defendants, Sri Sai Balaji LLC dba Biryani N Grill ("Biryani N Grill"); Jotheendra Hemachand Pulluru, Individually; Ram Swadeep Sathambakam, Individually; and Gautham Sunkara, Individually (collectively "Defendants"), from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* (the "Act"), and to restrain Defendants from withholding payment of minimum wage and overtime compensation found by the Court to be due employees under the Act, and an equal amount as liquidated damages due to the employees who are named in the attached Exhibit A.

I.

This Court has jurisdiction over this action pursuant to Sections 16 and 17 of the Act, 29 U.S.C. §§ 216 and 217, and 28 U.S.C. §§ 1331 and 1345.

1

II.

1.      Defendant Sri Sai Balaji LLC dba Biryani N Grill is now, and at all times hereinafter mentioned was, a limited liability company operating in Travis and Williamson County, Texas, within the jurisdiction of this Court and was doing business as Biryani N Grill, dine-in restaurants located at 13945 N. Hwy 183, Suite C-5, Austin, Texas 78717 and 3601 William Cannon Dr., #450, Austin, Texas 78749.

2.      Defendant Jotheendra Hemachand Pulluru has a place of business and is doing business in Travis County and Williamson County, Texas, within the jurisdiction of this Court, where Jotheendra Hemachand Pulluru is, and at all times hereinafter mentioned was, partial owner of the two dine-in restaurants operating as Biryani N Grill, described above, and actively manages, supervises and directs the business affairs and operations of these two Biryani N Grill restaurants. Jotheendra Hemachand Pulluru acts, directly and indirectly, in the interests of the Biryani N Grill restaurants in relation to their employees and is an employer of these employees within the meaning of the Act.  Specifically, Jotheendra Hemachand Pulluru does the hiring, firing, setting rates of pay and determining the conditions of employment for the employees of the Biryani N Grill restaurants and oversees all aspects of the operation of these restaurants.

3.      Defendant Ram Swadeep Sathambakam has a place of business and is doing business in Travis County and Williamson County, Texas, within the jurisdiction of this Court, where Ram Swadeep Sathambakam is, and at all times hereinafter mentioned was, partial owner of the two dine-in restaurants operating as Biryani N Grill, described above, and actively manages, supervises and directs the business affairs and operations of these two Biryani N Grill restaurants.  Ram Swadeep Sathambakam acts, directly and indirectly, in the interests of the Sri Sai Balaji LLC dba Biryani N

Grill restaurants in relation to their employees and is an employer of these employees within the meaning of the Act.  Specifically, Ram Swadeep Sathambakam does the hiring, firing, setting rates of pay and determining the conditions of employment for the employees of the Biryani N Grill restaurants and oversees all aspects of the operation of these restaurants.

4. Defendant Gautham Sunkara has a place of business and is doing business in Travis County and Williamson County, Texas, within the jurisdiction of this Court, where Gautham Sunkara is, and at all times hereinafter mentioned was, partial owner of the two dine-in restaurants operating as Biryani N Grill, described above, and actively manages, supervises and directs the business affairs and operations of these two Biryani N Grill restaurants.  Gautham Sunkara acts, directly and indirectly, in the interests of the Biryani N Grill restaurants in relation to their employees and is an employer of these employees within the meaning of the Act.  Specifically, Gautham Sunkara does the hiring, firing, setting rates of pay and determining the conditions of employment for the employees of the Biryani N Grill restaurants and oversees all aspects of the operation of these restaurants.

III.

At all times hereinafter mentioned, Defendant Sri Sai Balaji LLC dba Biryani N Grill has been an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r), in that Defendant Sri Sai Balaji LLC dba Biryani N Grill has been, through unified operation or common control, engaged in the performance of related activities for a common business purpose, which is operating two dine-in restaurants, known as Biryani N Grill in Austin, Texas.

IV.

At all times hereinafter mentioned, Defendant Sri Sai Balaji LLC dba Biryani N Grill has

been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that they have employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that they have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

V.

During the period since November 2016, Defendants have violated and are violating the provisions of Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by paying employees employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act at rates less than the minimum hourly rates required by Section 6 of the Act.

Specifically, Defendants have paid kitchen employees a weekly salary that when divided by the number of hours worked, does not meet the minimum wage requirements of the provisions of Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2).

VI.

As a result of the violations of the Act, minimum wage compensation has been unlawfully withheld by Defendants from their employees.

VII.

During the period since November 2016, Defendants have violated and are violating the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act for workweeks longer than forty hours without compensating such employees

for their employment in excess of forty hours per week at rates not less than one and one-half times the regular rates at which they were employed.

Specifically, Defendants have paid kitchen employees and customer service employees a weekly salary that when divided by the number of hours worked, does not meet the overtime requirements of the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2).

VIII.

As a result of the violations of the Act, overtime compensation has been unlawfully withheld by Defendants from their employees.

IX.

During the period since November 2016, Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that Defendants have failed to make, keep and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations of the Administrator issued pursuant to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and found in Title 29, Chapter VI, Code of Federal Regulations, Part 516 in that their records failed to show, among other things, the hours worked each day and the total hours worked each week by their employees.

X.

Defendants have willfully violated the Act in that Defendants have been investigated at least three times, with the same or similar violations found. Moreover, Defendants agreed to pay the backwages owed as a result of two Wage Hour investigations, signed documents acknowledging their agreement and confirming their understanding of the Act, and then provided falsified

documents to Wage Hour claiming they had paid the kitchen employees the backwages agreed upon when they had not actually done so. Defendants, therefore, knew or showed reckless disregard for the requirements of the Act by their continued violation of it. A judgment enjoining the alleged violations and restraining the withholding of minimum wage and overtime compensation found to be due the employees is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

XI.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants, Sri Sai Balaji LLC dba Biryani N Grill; Jotheendra Hemachand Pulluru, Individually; Ram Swadeep Sathambakam, Individually; and Gautham Sunkara, Individually, as follows:

1. For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from violating Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

2. For an Order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage compensation due to Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed in the attached Exhibit A (additional compensation and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded;

3, For an Order pursuant to Section 17 enjoining and restraining Defendants from withholding payment of unpaid minimum wage compensation found due Defendants' employees and

pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

4.	For an Order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed in the attached Exhibit A (additional compensation and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded;

5.	For an Order pursuant to Section 17 enjoining and restraining Defendants from withholding payment of unpaid overtime compensation found due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

6.	For an Order awarding Plaintiff the costs of this action; and

7.	For an Order granting such other and further relief as may be necessary and appropriate.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | KATE O'SCANNLAIN<br>Solicitor of Labor |
|  | JOHN RAINWATER<br>Regional Solicitor |
| U.S. Department of Labor<br>Office of the Solicitor | MARGARET TERRY CRANFORD<br>Counsel for Wage and Hour |
| 525 Griffin Street, Suite 501<br>Dallas, Texas 75202<br>Telephone: (972) 850-3100 | By: |
| Facsimile:  (972) 850-3101<br>Email: sallusti.matthew@dol.gov<br>        docket.dallas@dol.gov | /s/ Matthew P. Sallusti<br>MATTHEW P. SALLUSTI<br>Senior Trial Attorney<br>Texas State Bar No. 24013447 |
| RSOL Case No. 0640-21-00146 | Attorneys for Plaintiff. |
|  | Electronically Filed:  December 17, 2020. |