UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MARTIN J. WALSH, Secretary of Labor,   )
United States Department of Labor,[1]   )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )   CIVIL ACTION NO. 1:20-cv-1227-LY
                                       )
SRI SAI BALAJI LLC dba BIRYANI N GRILL;)
JOTHEENDRA HEMACHAND PULLURU,          )
Individually; RAM SWADEEP SATHAMBAKAM, )
Individually; and GAUTHAM SUNKARA,     )
Individually,                          )
                                       )
            Defendants.                )

## CONSENT JUDGMENT

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("the Secretary") filed his complaint against Defendants, Sri Sai Balaji LLC dba Biryani N Grill ("Biryani N Grill"); Jotheendra Hemachand Pulluru, Individually; Ram Swadeep Sathambakam, Individually; and Gautham Sunkara, Individually (collectively "Defendants"), to secure an injunction for future compliance and payment of back wages for minimum wage, overtime, and record-keeping violations of Sections 6, 7, and 11(c) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA" or "the Act"), and liquidated damages. Defendants own and operate two restaurants in North and South Austin, Texas. Back wages are being sought for three distinct inspection periods. The periods of investigation for the North Austin location are November 19, 2016 through November 17, 2018 (WH Case No. 2018-488-

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Martin J. Walsh, Secretary of Labor, is automatically substituted as a party for the former Secretary of Labor, Eugene Scalia.

01482/1859115) and November 18, 2018 through November 18, 2020 (WH Case No. 2020-488-02143/1902766). The period of investigation for the South Austin location is December 2, 2016 through November 30, 2018 (WH Case No. 2019-488-01643/1870293). The Secretary and Defendants have resolved backwages and liquidated damages owed for these three investigation periods and for these time periods for employees listed on Exhibit "A" attached hereto.

The Secretary alleged that Defendants failed to pay kitchen employees proper minimum wage and overtime compensation, and failed to pay customer service employees proper overtime compensation, in violation of the requirements of Sections 6, 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 206, 207 and 215(a)(2). The Secretary also alleged that Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that Defendants failed to make, keep and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations of the Administrator issued pursuant to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and found in Title 29, Chapter VI, Code of Federal Regulations, Part 516 in that their records failed to show, among other things, the hours worked each day and the total hours worked each week by their employees.

Defendants, without admitting they have violated any provision of the Act, have agreed to the entry of judgment without contest. It is, therefore, upon motion of the Secretary and for cause shown,

ORDERED, ADJUDGED and DECREED that Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them be permanently enjoined from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act, in any of the following manners:

1. Defendants shall not, contrary to Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks at rates less than the minimum hourly rates required by Section 6 of the Act.

2. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty (40) hours, unless the employee receives compensation for his or her employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed.

3. Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve accurate records of the persons employed by them, and the wages paid, hours worked and other conditions and practices of employment prescribed by regulations issued by the Administrator of the Wage and Hour Division, United States Department of Labor (29 C.F.R. Part 516).

4. Defendants are enjoined from withholding minimum wage and overtime compensation in the amount of $85,000.00 and liquidated damages in the amount of $85,000.00, which is due to Defendants' employees named in the attached Exhibit "A" for the following time periods: November 19, 2016 through November 17, 2018 and November 18, 2018 through November 18, 2020 for the North Austin location and December 2, 2016 through November 30, 2018 for the South Austin location.

To comply with this provision, Defendants shall make payments by cashier's or certified checks or money orders payable to "Wage and Hour Division, U.S. Department of Labor" which must be mailed or delivered to: U.S. Department of Labor, Wage and Hour Division, Southwest Regional Office, Federal Building, 525 S. Griffin Street, Suite 800, Dallas, Texas 75202. Defendants also have the option to pay online by ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/77705201.

Defendants agree to deliver the payments so that they are received by the Wage Hour Division as set forth below:

    a.    On the date of execution by the Secretary of this Consent Judgment: $42,500.00.

    b.    On July 1, 2021: $42,500.00

    c.    On August 1, 2021: $42,500.00

    d.    On September 1, 2021: $42,500.00.

The parties respectfully ask that the Court maintain jurisdiction of this case and not close it until all payments have been paid. The Secretary will file a Notice of Completion of Payments with the Court.

5. In the event of default by Defendants on any of the payments described above, the total balance shall then become due and interest shall be assessed against the unpaid balance at the rate provided by 28 U.S.C. § 1961 from the date of this judgment until the total amount is paid in full.

6. The Secretary shall make the appropriate distribution to the employees, or their estate if necessary, less income tax and social security deductions.

7. In the event that any of the money cannot be distributed and paid by the

Secretary within three (3) years because of inability to locate the proper persons or because of their refusal to accept, the money shall be deposited with the Treasurer of the United States.

8. The right of Defendants' employees not specifically named in the attached Exhibit "A" to bring an action under Section 16(b) of the Act, 29 U.S.C. § 216(b), shall be restored and neither the filing of this action nor the entry of this judgment shall bar such action. The parties agree the filing of this action and provisions of this judgment shall not be interpreted to prejudice or preclude the rights of any employees of Defendants, under the Act covering violations alleged to have occurred after November 18, 2020 for the North Austin location and after November 30, 2018 for the South Austin location. If the Secretary of Labor files any additional actions against Defendants, the actions will not include any of the alleged violations as pled in the Secretary's Complaint for the time periods prescribed in this Consent Judgment for the North and South Austin locations.

9. Defendants represent that as of the entry of this Consent Judgment, the North and South Austin locations are now in compliance with all aspects of the Fair Labor Standards Act.

10. Each party agrees to bear his or her own attorneys' fees, costs and other expenses in connection with any stage of this proceeding, including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

| | |
|---|---|
| Respectfully Submitted, | Respectfully Submitted, |
| SRI SAI BALAJI LLC dba<br>BIRYANI N GRILL, et. al | ELENA S. GOLDSTEIN<br>Acting Solicitor of Labor<br><br>JOHN RAINWATER<br>Regional Solicitor<br><br>MARGARET TERRY CRANFORD<br>Counsel for Wage and Hour |
| By: *Felicity A. Fowler*<br>FELICITY A. FOWLER<br>Partner<br>Texas State Bar No. 00784076 | By: *[signature]*<br>MATTHEW P. SALLUSTI<br>Senior Trial Attorney<br>Texas State Bar No. 24013447 |
| Attorneys for Defendants | Attorneys for Plaintiff. |
| MCGINNIS LOCHRIDGE<br>2200 Ross Avenue, Suite 4900E<br>Dallas, Texas 75201<br>Telephone: (214) 307-6961<br>Facsimile: (214) 307-6990<br>Email: ffowler@mcginnislaw.com | U.S. Department of Labor<br>525 S. Griffin Street, Suite 501<br>Dallas, Texas 75202<br>Telephone: (972) 850-3100<br>Facsimile: (972) 850-3101<br>Email: sallusti.matthew@dol.gov<br>        docket.dallas@dol.gov<br><br>RSOL Case No. 0640-21-00146 |
| Dated: May 25, 2021<br>Attorneys for Defendants. | Dated: MAY 27, 2021<br>Attorneys for Plaintiff. |

6

By:

_____
Jotheendra Hemachand Pulluru, Individually

Dated: 05-24- , 2021.

By:

_____
Ram Swadeep Sathambakam, Individually

Dated: 05-24- , 2021.

By:

_____
Gautham Sunkara, Individually

Dated: 05-24-, 2021.

Signed by:

_____
THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT COURT JUDGE
WESTERN DISTRICT OF TEXAS,
AUSTIN DIVISION

Dated: _____, 2021.

**EXHIBIT "A"**

1. Aguilar, Pompilio D.
2. Benites, Alejandro
3. Benites, Francisco
4. Benites, Leandro R
5. Benites Lopez, Pablo
6. Benites, Hilario
7. Cervantes, Hector
8. Danyal, Adel
9. Ganesan, Prabhu
10. Kapiyala, K Hari
11. Ortiz Garcia, Marlin J
12. Quiroz, Claudia M
13. Ramachandran, Marimuthu
14. Sadaiyappa Ramasamy, Karthikeyan
15. Seruj, Hassan
16. Tamang, Shashi
17. Zarco, Alejandrino Lopes